THE STATE, EX REL. HAFFEY, *v.* MILLER ET AL., BOARD OF ELECTIONS OF CUYAHOGA COUNTY, ET AL.

(No. 39843—Decided November 17, 1965.)

*Mr. J. Ross Haffey, Jr., in propria persona.*

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Frederick W. Frey,* for respondent, Board of Elections of Cuyahoga County.

*Mr. King A. Wilmot,* director of law, for intervening respondent, city of Cleveland Heights.

*Per Curiam.* Municipal elections are a matter of local concern. "This court has consistently held that under the home-rule provisions of Article XVIII of the Constitution, a municipality may adopt for municipal elections a method of selecting municipal officers different from the method of elections otherwise provided for." *State, ex rel. Sherrill,* v. *Brown, Secy. of State,* 155 Ohio St. 607, 608.

It was held in *State, ex rel. Gamble,* v. *Duffy et al., Board*

*of Elections of Cuyahoga County,* 164 Ohio St. 231, 233, that a municipality which has adopted a charter form of government has the power to prescribe the manner of nominating its purely local officers. Thus, it is clear that a municipal charter may provide for group nominating petitions for purely local officers.

Section 3, Article VII of the charter of the city of Cleveland Heights, reads in part:

"Section 3. Petition for places on ballots.

"* * *

"(a) Such petition shall state the name and place of residence *of each person* whose name is presented for a place upon the ballot and the name of the office for which he is a candidate.

"* * *

"(c) Such petition shall contain a provision that each signer thereto thereby pledges himself to support and vote for *the candidate or candidates whose names are therein presented* for a place upon the ballot * * *.

"* * *

"Section 4. Acceptance.

"*Any person whose name has been submitted for candidacy by any such petition* shall file his acceptance of such candidacy with the election authorities not later than thirty-five (35) days previous to such election * * *." (Emphasis added.)

An examination of these sections shows that *such petition* shall state the name of *each person,* that each signer pledges himself to support *the candidate or candidates whose names are therein presented,* and that any person whose name has been submitted for candidacy by any such petition shall file his acceptance.

When read, as italicized, it is obvious that the provisions of the charter contemplate that a petition may contain the names of more than one candidate for public office. Such sections are not so vague as to compel resort to the state statutes.

The demurrers to the petition are sustained, and the writ is denied.

*Writ denied.*


TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.